IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs September 12, 2006

## ANTONIO RICO WALLS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Montgomery County**
**No. 39076   John H. Gasaway, IIIJudge**

_____

**No. M2005-02898-CCA-R3-CD - Filed November 28, 2006**

_____

The petitioner pled guilty to three counts of selling cocaine over .5 grams within 1000 feet of a school. He was also convicted in a jury trial of a fourth count for the same offense. The trial court sentenced the petitioner to fifteen years for each conviction to run concurrently. The petitioner was unsuccessful on his direct appeal and appeal of a certified question. The petitioner timely filed a petition for post-conviction relief arguing that his rights of equal protection were violated. The post-conviction court denied the petition. We affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES and THOMAS T. WOODALL, JJ., joined.

Debra A. Wall, Clarksville, Tennessee, for the appellant, Antonio Rico Walls.

Paul G. Summers, Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; John Carney, District Attorney General, and Arthur Bivens, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Following a jury trial held on September 22, 1998, the petitioner was convicted of one count of sale of cocaine over .5 grams within 1000 feet of a school which is a Class A felony. On November 5, 1998, the trial court sentenced the defendant to fifteen years, which is the minimum sentence for a Range I Standard Offender for a Class A felony. The petitioner filed a notice of appeal from this conviction before the trial court entered the order overruling the petitioner's motion for new trial.

On April 23, 1999, the petitioner pled guilty to three additional counts of the same offense that had been alleged in the same indictment. The trial court sentenced the petitioner to fifteen years for each count to run concurrently with each other and the conviction from the jury trial. The petitioner reserved a certified question when he entered his pleas.

On direct appeal, this Court addressed the certified question as well as issues that were a result of his jury trial conviction. The petitioner was unsuccessful on these issues, and this Court affirmed the judgment of the trial court. The petitioner's application for permission to appeal was denied by our supreme court on November 12, 2002.

On June 23, 2003, the petitioner filed a pro se Petition for Post-conviction relief. He subsequently filed additional amended petitions. Following a post-conviction hearing, the post-conviction court denied the petition for post-conviction relief. The petitioner filed a timely notice of appeal.

**ANALYSIS**

The petitioner argued several issues in his original petition. On appeal, he argues only one issue, whether the State violated the petitioner's right of equal protection by allowing female co-defendants to plea to lesser charges and receive suspended sentences, while not extending the same offer to the petitioner.

We have determined that the petitioner's issues are waived. The petitioner had one conviction as a result of a jury trial and three convictions that were the result of a guilty plea. His direct appeal, which was heard by this Court, included both his appeal from his jury conviction and a certified question from his guilty pleas. He did not include this issue in his direct appeal from his jury conviction. A ground for post-conviction relief is waived "if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented." Tenn. Code Ann. § 40-30-106(g). The claim for relief is not waived if it is (1) "based upon a constitutional right not recognized as existing at the time of trial," and (2) "either the federal or state constitution requires retroactive application of that right." Tenn. Code Ann. § 40-30-106(g)(1). The petitioner herein did not raise this issue on direct appeal and has failed to show that the claim for relief is not waived.

The petitioner has also waived his equal protection issue with regard to his guilty plea convictions. A guilty plea waives all non-jurisdictional constitutional inequalities. See State v. McKinney, 74 S.W.3d 291 (Tenn.2002). "[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973). The petitioner pled guilty on April 23, 1999. The judgments for the four women's guilty pleas were entered January 13, 1998, February 12, 1998, May 12, 1998, and September 25, 1998. All four of these pleas occurred prior

to the petitioner's guilty plea. For this reason, the petitioner cannot present a claim that he did not know of a potential equal protection claim because the alleged violation actually occurred before he entered his plea. When he entered his plea he waived his ability to appeal this issue. Therefore, this issue is waived.

CONCLUSION

For the foregoing reasons, we affirm the decision of the post-conviction court.


_____
JERRY L. SMITH, JUDGE